**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., MS NOW CABLE, LLC, POLITICO LLC, ET AL.,<br>*Plaintiffs*,<br>*v*.<br>DONALD J. TRUMP, ET AL.,<br>*Defendants*. | Case No.<br>**EXPEDITED HEARING REQUESTED** |

**<u>PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER</u>**

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65, Plaintiffs Cable News Network, Inc. (CNN), MS NOW Cable, LLC (MS NOW), POLITICO LLC (POLITICO), Betsy Klein, Akayla Gardner, and Cheyenne Haslett, by and through their undersigned counsel, respectfully move the Court for a temporary order (1) restraining Defendants from taking any further action to implement the President's ban, announced on September 18, 2026, purporting to bar Plaintiffs from the White House and (2) requiring Defendants to immediately restore to Plaintiffs their "hard pass" press credentials along with the access that Plaintiffs and their reporters had to the White House prior to the September 18, 2026 ban.

As detailed in Plaintiffs' accompanying Memorandum of Law, Defendants have deactivated and revoked the hard passes of journalists with CNN, MS NOW, and POLITICO, and banned Plaintiffs and their reporters from the White House grounds—including areas traditionally and currently open to members of the press. Defendants took these actions in express retaliation for Plaintiffs' First Amendment-protected newsgathering and speech because they dislike that speech's content and viewpoint, and for the express purpose of excluding journalists and news

organizations with editorial viewpoints disfavored by the Trump administration from the White House grounds. Defendants announced and implemented this ban without providing Plaintiffs fair notice or any opportunity to respond. Defendants' actions are flagrant violations of the First and Fifth Amendments.

Since Plaintiffs' White House access was suddenly terminated on September 18, they have been suffering serious irreparable harm. They have already lost opportunities to perform their constitutionally protected newsgathering and reporting functions at the White House, impairing their ability to speak and publish as members of the press—and they lose more such opportunities every day that the ban remains in effect. That First Amendment injury—inflicted because of the President's disdain for Plaintiffs' reporting—is *per se* irreparable, and it poses a substantial threat to the freedom of the press not just for Plaintiffs, but for all journalists, and harms the public for whom they act as surrogates in reporting on matters of urgent public concern about the government. So too, the deprivation of Plaintiffs' protected liberty and property interests in their hard-pass credentials and White House access without due process also constitutes irreparable harm. Plaintiffs seek a temporary restraining order to stop this irreparable harm now and restore the status quo ante.

The grounds for this Motion are set forth in the supporting Memorandum of Law and attached declarations. A Proposed Order and Certificate of Counsel Pursuant to Local Civil Rule 65.1 are filed concurrently.

September 21, 2026

Respectfully submitted,

Theodore J. Boutrous, Jr. (D.C. Bar No. 420440)
Katie Townsend (D.C. Bar No. 1026115)
Patrick J. Fuster (CA Bar No. 326789)*
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com
PFuster@gibsondunn.com

Connor S. Sullivan (D.C. Bar No. D00506)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2459
CSSullivan@gibsondunn.com

Connor P. Mui (D.C. Bar No. 90009004)
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
CMui@gibsondunn.com

*Counsel for Plaintiffs*

**Pro Hac Vice Application Forthcoming*