**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., MS NOW CABLE, LLC, POLITICO LLC, ET AL.,<br>*Plaintiffs*,<br>*v.*<br>DONALD J. TRUMP, ET AL.,<br>*Defendants*. | Case No. 1:26-cv-03287-TJK<br>**EXPEDITED HEARING REQUESTED** |

# PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65.1(c) and (d), Plaintiffs Cable News Network, Inc. (CNN), MS NOW Cable, LLC (MS NOW), POLITICO LLC (POLITICO), Betsy Klein, Akayla Gardner, and Cheyenne Haslett, by and through their undersigned counsel, respectfully move the Court for a preliminary injunction enjoining Defendants (except for President Trump) from taking any further action to enforce the President's ban, announced on September 18, 2026, barring Plaintiffs and their reporters from the White House, including by deactivating or confiscating "hard pass" press credentials, and/or otherwise depriving Plaintiffs and their reporters of the White House access they had before September 18, 2026, pending final judgment in this action.

As detailed in Plaintiffs' accompanying Memorandum of Law, preliminary injunctive relief is appropriate here because Plaintiffs are likely to prevail on the merits of their claims that Defendants' actions violate the First Amendment and the Due Process Clause of the Fifth Amendment; Defendants' actions will continue to inflict serious and irreparable injuries on Plaintiffs for which there is no adequate remedy at law; the balance of equities favors injunctive relief; and an injunction would serve the public interest. Defendants imposed the ban in retaliation

for Plaintiffs' First Amendment-protected newsgathering and speech and expressly because they disapprove of the content and editorial viewpoint of Plaintiffs' journalism. Defendants did so without providing Plaintiffs fair notice or an opportunity to respond prior to imposition of the ban. This Court has already concluded that Plaintiffs satisfied each of the requirements for preliminary injunctive relief in granting Plaintiffs' Motion for a Temporary Restraining Order. *See* ECF No. 24.

The grounds for this Motion are fully set forth in the attached Memorandum of Law, supporting declarations, and exhibits. A proposed order describing with more particularity the relief sought is also attached.

Pursuant to Local Civil Rule 65.1(d), Plaintiffs respectfully request that this Motion be set for hearing on October 8, 2026, so that it may be heard before the Court's Temporary Restraining Order expires at the end of the day. Absent preliminary injunctive relief, Defendants will be free to enforce the ban and bar Plaintiffs from the White House grounds, causing Plaintiffs to suffer irreparable injury to their constitutionally protected newsgathering and reporting.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr. (D.C. Bar No. 420440)
Katie Townsend (D.C. Bar No. 1026115)
Patrick J. Fuster (CA Bar No. 326789)*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com
PFuster@gibsondunn.com

Connor S. Sullivan (D.C. Bar No. D00506)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-2459
CSullivan@gibsondunn.com

Connor P. Mui (D.C. Bar No. 90009004)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
CMui@gibsondunn.com

*Counsel for Plaintiffs*

**Admitted Pro Hac Vice*