**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., MS NOW CABLE, LLC, POLITICO LLC, ET AL.,<br>*Plaintiffs*,<br>v.<br>DONALD J. TRUMP, ET AL.,<br>*Defendants*. | Civil Case No. 1:26-cv-03287-TJK<br>**DECLARATION OF JULIA MARSH** |

**DECLARATION OF JULIA MARSH**

I, Julia Marsh, hereby declare as follows:

1. I am Executive Editor, Washington of POLITICO LLC (POLITICO). I am over 18 years of age, am competent, and make this declaration based upon my own personal knowledge and on information available to me in my role at POLITICO. I make this declaration in support of Plaintiffs' Motion for a Preliminary Injunction. If called to do so, I could and would competently testify to these matters under oath.

2. POLITICO is a Delaware limited liability company with its principal place of business in Arlington, Virginia. POLITICO publishes news at politico.com and in newsletters, including Playbook and West Wing Playbook, a daily newsletter devoted to coverage of the White House, and provides policy news and analysis to subscribers through POLITICO Pro. POLITICO has covered the White House from inside the White House complex since its launch in 2007.

3. POLITICO has approximately 16 journalists assigned to cover the White House. As of September 18, 2026, 16 POLITICO journalists held White House press credentials known as "hard passes," which allow a journalist to enter the White House complex on a regular basis. To my knowledge, before September 19, 2026, no POLITICO journalist had ever had a hard pass

denied, suspended, or revoked. POLITICO is also a member of the White House print press pool rotation, and is next scheduled to serve as the print pooler on October 14, 2026.

4. On September 18, 2026, the President announced on Truth Social that he was "banning" POLITICO, along with CNN and MS NOW, from the White House "effective immediately." POLITICO received no notice of the ban from the White House before that announcement. When POLITICO asked the White House about the ban on September 19, 2026, the White House referred POLITICO to the President's remarks of the day before.

5. On the morning of September 19, 2026, POLITICO White House Reporter Cheyenne Haslett went to the White House to do her job. The United States Secret Service denied her entry to the White House complex and confiscated her hard pass.

6. Prior to the filing of this lawsuit, POLITICO received no written communication from the President, the White House Press Office, the Office of Communications, the Secret Service, or any other White House official purporting to give notice of the ban. On September 19, 2026, the White House Press Office again declined to answer questions from news organizations about the ban and referred them to the President's prior remarks.

7. To my knowledge, between September 18, 2026, and approximately noon Eastern on September 24, 2026, no POLITICO journalist was granted access to the White House complex. POLITICO journalists were readmitted to the complex on September 24, 2026, as described below.

8. I have been informed that at approximately 10:30 p.m. Eastern on September 22, 2026, POLITICO received a letter transmitted by email from the White House Press Office and addressed "Dear Politico" (the Letter). Defendants in this action filed a copy of the Letter with their opposition to Plaintiffs' Motion for a Temporary Restraining Order at ECF No. 16-3.

9. The Letter states that "the President has made the determination to revoke" POLITICO's hard passes because POLITICO "exhibited behavior in violation of the standards of

professionalism and decorum expected of those given access to the White House Complex, including by trafficking in verifiable falsehoods about national security and other issues, and publishing sensitive or classified information." It then sets out a "non-exhaustive list of reporting incidents" consisting of six stories reported by POLITICO between April 23, 2026 and September 9, 2026, that the Letter states constitute a failure by POLITICO to "abide by standards of professional conduct, demonstrate a level of trustworthiness commensurate with the privilege of unfettered access to the White House Complex, and perform [its] duties in a way that does not interfere with the White House's daily operations." The Letter further stated POLITICO may "contest this initial decision or the factual basis set forth in this letter" by emailing a written response to press@who.eop.gov by 5:00 p.m. Eastern on Friday, September 25, 2026, and that otherwise "this initial decision will be final." By the time this Letter was sent, the ban it describes as an "initial decision" had been in effect for four days.

10. The Letter does not identify any written policy, regulation, or rule of conduct that POLITICO is alleged to have violated. Nor does it articulate any instances where "the standards of professionalism and decorum" it purports to identify as prerequisites for access to the White House have previously been set forth or otherwise provided to POLITICO. Nor does it identify any specific supposedly "verifiable falsehood[ ]" or "sensitive or classified information" in any of the six articles it cites.

11. Only two of the six articles cited in the Letter were written by journalists who held hard passes at the time they were reported: (1) an article co-authored by Plaintiff Cheyenne Haslett about the administration's negotiations with the government of Iran, dated June 12, 2026; and (2) an article co-authored by Dasha Burns and Megan Messerly about the 2026 Republican midterm convention, dated September 9, 2026.

12. The other four articles cited in the Letter were written by nine POLITICO

journalists—Brian Lefebvre, Felicia Schwartz, Jordain Carney, Katherine Tully-McManus, Jack Detsch, Paul McLeary, Finn McHugh, Ryan Heath, and Phelim Kine—none of whom held a hard pass at the time those stories were reported.

13. As The Washington Post has reported, that article, which the Letter asserted "threatened national security and/or spread falsehoods," was based on an authorized press call that was organized by the White House and participated in by journalists from a number of news organizations, including POLITICO.[1] In that press call, reporters were instructed to quote only an anonymous "senior administration official." The Letter states that "Politico cited a 'senior administration official . . . granted anonymity'," but omits that the anonymity was granted by POLITICO at the administration's request in connection with a press briefing it organized.

14. Between April 23, 2026, the date of the publication of the earliest story identified in the Letter, and September 19, 2026, POLITICO's journalists continued to hold White House hard passes and to enter the White House complex on a regular basis. During that period, no POLITICO hard pass was suspended, revoked, or not renewed. POLITICO continued to receive and perform its print pool assignments, its journalists continued to attend press briefings and open-press events, and White House officials continued to engage with its journalists in the ordinary course.

15. At approximately 12:56 a.m. Eastern on September 24, 2026, this Court entered an Order granting Plaintiffs' Motion for a Temporary Restraining Order and further directing that "Defendants (except for President Trump) and their agents, representatives, and all persons or entities acting in concert with them shall immediately return, reinstate, and restore the White House 'hard pass' press credentials held by employees of CNN, MS NOW, and POLITICO that were

[1] Scott Nover, *The White House Banned Politico, Citing Anonymous Sources. It Provided the Quotes*, Wash. Post (Sept. 23, 2026), https://www.washingtonpost.com/business/2026/09/23/white-house-cited-anonymous-quotes-politico-ban-it-was-source/.

revoked on or about September 18, 2026." ECF No. 24 at 8. Notwithstanding the Order, a POLITICO journalist was turned away from the White House the morning of September 24, 2026. The White House did not begin restoring POLITICO's hard passes and permitting entry of its journalists until approximately noon.

16. If the ban is permitted to go back into effect when the Temporary Restraining Order expires, POLITICO journalists will again be unable to attend press briefings or other events open to credentialed journalists, work from POLITICO's workspace inside the complex, or serve in the press pool. That access, and the reporting that depends on it, cannot be replicated from outside the White House.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of September 2026 in Washington, D.C.

JULIA MARSH