**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CABLE NEWS NETWORK, INC., MS NOW Cable, LLC, POLITICO LLC, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br>Defendants. | Case No. 1:26-cv-03287-TJK |

**MOTION OF THE SOCIETY FOR THE RULE OF LAW FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The Society for the Rule of Law (the "Society") respectfully requests leave to file the attached brief as *amicus curiae* in support of Plaintiffs' Motion for a Preliminary Injunction. LCvR 7(o)(1); see also Fed. R. App. P. 29(a)(4). In support of this Motion, the Society states as follows:

1. Courts have "broad discretion to permit . . . participat[ion] [of] *amici curiae*," and find *amicus* participation appropriate when amici have "relevant expertise and a stated concern for the issues at stake in [the] case." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). An *amicus* brief should "normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (same).

2. The Society is a nonprofit organization of conservative, libertarian, and right-of-center lawyers, former public officials, and scholars dedicated to defending the Constitution and the rule of law regardless of politics or party affiliation. Originally founded under the name "Checks and Balances" in 2018 by lawyers who had served in and supported previous Republican

administrations, the Society was created to advocate for constitutional government, defend the integrity of our legal institutions, and argue for the impartial administration of justice, and it relaunched in 2023 to defend and advance these principles.

3. The Society regularly participates as *amicus curiae* in litigation raising these concerns. As relevant here, the Society has filed substantially identical briefs as *amicus curiae* in *New York Times Co. v. U.S. Department of Defense*, Nos. 26-5253 and 26-5113 (D.C. Cir.), the pending appeals concerning the Department of Defense's restrictions on press access to the Pentagon, in which the government advances the categorical argument that generally applicable rules restricting press access cannot constitute retaliation actionable under the First Amendment.

4. The Society's brief is desirable, and the matters it asserts are relevant, because the brief addresses the history and purpose of the First Amendment's Free Press Clause, the government's categorical arguments against First Amendment scrutiny of restrictions on press access—both as pressed in the pending Pentagon appeals and as advanced in Defendants' opposition to Plaintiffs' motion for a temporary restraining order—and the courts' longstanding refusal to permit broad invocations of national security to foreclose First Amendment review. These questions are squarely presented by Plaintiffs' Motion for a Preliminary Injunction.

5. The Society's position is not adequately represented by a party. Plaintiffs, news organizations and their journalists, press their own claims and injuries. The Society offers the distinct perspective of conservative, libertarian, and right-of-center lawyers, former public officials, and scholars—including many who have served in Republican administrations—on why the government's position is inconsistent with the text, history, and structure of the First Amendment, and it brings the perspective of an *amicus* participating in the related Pentagon appeals, where the government's categorical argument is now pending. That is "unique

information or perspective" beyond "the help that the lawyers for the parties are able to provide." *Cobell*, 246 F. Supp. 2d at 62.

6. This Motion is timely and will not delay the Court's ability to rule on any pending matter. It is filed one day after Plaintiffs' Motion for a Preliminary Injunction and three days before Defendants' opposition is due under the Court's expedited schedule. See Minute Order of Sept. 24, 2026.

7. Pursuant to LCvR 7(m) and 7(o)(2), counsel for the Society conferred with counsel for the parties regarding this Motion. Plaintiffs consent to the filing of the brief. Defendants consent to "any timely filed *amicus* brief"; as set forth above, this Motion and the accompanying brief are timely.

For the above-stated reasons, the Society respectfully requests that the Court grant this Motion and accept the attached brief for filing.

Dated: September 29, 2026

Respectfully submitted,

/s/ Deborah B. Baum
Deborah B. Baum (D.C. Bar No. 393019)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Tel.: (202) 663-8000
deborah.baum@pillsburylaw.com

Todd Kim (D.C. Bar No. 501200)
(application for admission to this Court pending)
Ya'ara Barnoon (D.C. Bar No. 1023972)
(*pro hac vice* forthcoming)
Anne M. Voigts (*pro hac vice* forthcoming)
Alexandra Elenowitz-Hess

Counsel for *Amicus Curiae* the Society for the Rule of Law

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record who are registered CM/ECF users.

/s/ Deborah B. Baum
Deborah B. Baum