United States District Court for the District of Columbia

Case No. 1:26-cv-03287-TJK

Cable News Network, Inc. et al.

v.

Trump et al.

MOTION TO INTERVENE, FOR RECUSAL, TO ADD DEFENDANT, TO RECTIFY PRIOR ORDERS, AND TO APPOINT COUNSEL

Proposed Intervenor:
Borealis S. Hedling
Travelodge Plus
44 Townsend St., Room 120
Dublin 2, Ireland
They/Them

I. INTRODUCTION

The Proposed Intervenor respectfully moves to intervene under Federal Rule of Civil Procedure 24(a)(2) because this action directly implicates the Intervenor's legally protectable interests in (1) freedom from retaliation for whistleblowing, (2) access to press mechanisms, (3) protection from transnational repression facilitated by U.S. officials and media entities, and (4) the ability to seek redress for torture under domestic and international law.

Alternatively, permissive intervention is appropriate under Rule 24(b)(1)(B) because the Intervenor's claims share common questions of law and fact with the main action, including press access, retaliation, suppression of information, and government-enabled harm.

Intervention is further supported by federal statutes governing civil rights, judicial conduct, and press access, including 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. § 241, and 28 U.S.C. § 455.

---

II. LEGALLY PROTECTABLE INTERESTS UNDER RULE 24(a)(2)

RECEIVED
SEP 23 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

To intervene as of right, the Intervenor must show:

1. A significantly protectable interest
2. Impairment of that interest
3. Inadequate representation by existing parties

See Trbovich v. United Mine Workers, 404 U.S. 528 (1972);
Fund for Animals v. Norton, 322 F.3d 728 (D.C. Cir. 2003).

A. Protectable Interests

The Intervenor has protectable interests in:

- First Amendment retaliation protections (Hartman v. Moore, 547 U.S. 250 (2006))
- Right of access to courts (Bounds v. Smith, 430 U.S. 817 (1977))
- Right to be free from government-enabled harm (state-created danger doctrine; Butera v. D.C., 235 F.3d 637 (D.C. Cir. 2001))
- Civil rights enforcement under §§ 1983, 1985, 1986
- Protection from transnational repression, a form of retaliation recognized by DHS, DOJ, and multiple federal agencies
- Right to seek redress for torture under domestic statutes and treaties implemented through federal law

B. Impairment

The Intervenor's interests will be impaired because:

- CNN's allegations of retaliation and press suppression overlap directly with the Intervenor's documented experiences of suppression, shunning, and transnational repression.
- The outcome of this case may foreclose or prejudice the Intervenor's ability to obtain relief in related matters involving press access, suppression of information, and retaliation.
- The Intervenor's evidence directly contradicts factual assumptions in the main action.

C. Inadequate Representation

The existing parties do not represent the Intervenor's interests because:

- Plaintiffs seek relief only for press access, not for whistleblower retaliation or transnational repression.
- Defendants are alleged participants in the Intervenor's harm.
- No party seeks to introduce evidence of systemic suppression across multiple media outlets and federal agencies.

---

## III. PERMISSIVE INTERVENTION UNDER RULE 24(b)

Permissive intervention is appropriate because:

- The Intervenor's claims share common questions of law and fact with the main action, including suppression of information, retaliation, and press access.
- The Intervenor's evidence concerning CNN, Disney, FCC, and the German Press Council demonstrates a pattern of coordinated suppression relevant to Plaintiffs' allegations.
- Intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

---

## IV. CNN'S KNOWLEDGE OF TRANSACTIONAL REPRESSION IS MATERIAL

CNN received SecureDrop submissions documenting torture, enforced disappearance, and transnational repression. CNN's failure to act is relevant because:

### A. Press Access Doctrine
Under Sherrill v. Knight, 569 F.2d 124 (D.C. Cir. 1977), press access cannot be denied arbitrarily or for retaliatory reasons.

### B. First Amendment Retaliation
CNN's knowledge of government retaliation against a whistleblower is relevant to:

- Hartman v. Moore, 547 U.S. 250 (2006)
- Nieves v. Bartlett, 587 U.S. _ (2019)

### C. State-Created Danger
CNN's inaction contributed to a state-enabled harm analogous to Butera v. D.C., 235 F.3d 637 (D.C. Cir. 2001).

---

## V. RELEVANCE OF FCC AND GERMAN PRESS COUNCIL CASES

### A. FCC Case (Hedling v. Candeub et al.)

The FCC's failure to address suppression of information about torture implicates:

- 47 U.S.C. § 151 (nondiscrimination mandate)
- FCC equal employment opportunity regulations
- Public interest obligations of broadcasters

This demonstrates a pattern of suppression relevant to CNN's conduct.

B. German Press Council Case

The German Press Council's refusal to address suppression of information implicates:

- Alien Tort Statute (ATS)
- Sosa v. Alvarez-Machain, 542 U.S. 692 (2004)
- Kiobel v. Royal Dutch Petroleum, 569 U.S. 108 (2013)

This shows a global pattern of suppression relevant to Plaintiffs' claims.

---

VI. MOTION FOR RECUSAL UNDER 28 U.S.C. § 455

The Intervenor respectfully moves for recusal of Judge Timothy J. Kelly under:

- 28 U.S.C. § 455(a) (appearance of partiality)
- 28 U.S.C. § 455(b)(1) (personal bias or knowledge of disputed facts)

Grounds for Recusal

- Prior involvement in related matters involving the Intervenor
- Pattern of dismissals without addressing torture evidence
- Directing the Intervenor to inaccessible or hostile forums
- Appearance of partiality under Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

---

VII. MOTION TO ADD JUDGE KELLY AS A DEFENDANT (Declaratory Relief Only)

Judicial immunity does not bar prospective declaratory relief:

- Pulliam v. Allen, 466 U.S. 522 (1984)
- 42 U.S.C. § 1983 (post-Pulliam amendments still allow declaratory relief)

The Intervenor seeks:

- Declaratory relief regarding violations of civil rights
- No damages
- Relief based on administrative, not judicial, acts

---

VIII. MOTION TO RECTIFY PRIOR ORDERS

Under Article 16 GDPR, 28 U.S.C. § 1651, and the Court's inherent authority, the Intervenor requests rectification of orders issued since October 2024 that:

- ignored evidence of torture
- relied on incomplete factual records
- directed the Intervenor to inaccessible forums
- failed to address international law obligations implemented through federal statutes

---

IX. MOTION TO APPOINT COUNSEL

Under 28 U.S.C. § 1915(e)(1) and Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), appointment of counsel is appropriate because:

- the case involves complex international and domestic law
- the Intervenor is indigent
- the Intervenor faces transnational repression
- factual development requires counsel
- prejudice is likely without representation

---

X. CONCLUSION

For the foregoing reasons, the Proposed Intervenor respectfully requests that the Court:

1. Grant intervention under Rule 24(a) or 24(b)
2. Recuse Judge Timothy J. Kelly
3. Add Judge Kelly as a defendant for declaratory relief
4. Rectify prior orders
5. Appoint counsel
6. Grant any other relief the Court deems just and proper

Respectfully submitted,

/s/ Borealis S. Hedling
They/Them
Travelodge Plus
44 Townsend St., Room 120
Dublin 2, Ireland
Dauntless.peace@proton.me
+1-959-999-8957

Certification of Service

I swear under penalty of perjury a good faith attempt was made to email documents to Plaintiff and Defendants

Plaintiff

TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com
PFuster@gibsondunn.com
CSSullivan@gibsondunn.com
CMui@gibsondunn.com

Defendants

michael.velchik@usdoj.gov

SUPREMECTBRIEFS@usdoj.gov

Signed on the 23rd of September 2026 at Travelodge Plus 44 Townsend St Dublin 2 (Ireland)

Respectfully submitted,
/s/ Borealis S. Hedling
They/Them
Travelodge Plus
44 Townsend St., Room 120
Dublin 2, Ireland
Dauntless.peace@proton.me
+1-959-999-8957

