US District Court District of Columbia

Case No: 1:26-cv-0406-UNA

Motion to Recuse, Reconsider, and Consolidate

Hedling

V.

The Department of State et al.

The Plaintiff respectfully requests the presiding Judge recuse himself for violations of Article 16 of the ICCPR Denial of Legal Personhood, Article 12-14 of the UN Convention Against Torture, and US Constitution Amendments 1, 4, 5, and 8. In addition the violations of 18 U.S.C. § 241. In addition to violations of the 2008 ADA Amended and Section 504 of the 1973 Rehabilitation Act. For Issuing on July 22, 2026 dozens of demands for payment of filing fees to a destitute victim of torture with threats of dismissal for failure to prosecution if not received within 30 days.

The Plaintiff requests the Court reconsider the Denial of the Motion to proceed in Forma Pauperis in this case and grant the following decleratory relief requested May 24, 2026

“Wherefore the Plaintiff Prays the Court.

1. Declares all US Citizens must equally benefit without discrimination from protections afforded under the 1868 Hostage Act, 22 U.S.C. § 1732 and Robert Levinson Hostage Recovery and Hostage-Taking Accountability Act
2. Declares Acts of Foreign Nations causing severe Deprivation of Liberty amounting to functional detainment are covered under the 1868 Hostage Act, 22 U.S.C. § 1732 and Robert Levinson Hostage Recovery and Hostage-Taking Accountability Act
3. Declares there is a conclusive presumption any Judgements rendered against the Plaintiff by US Federal Courts are unlawful and unenforceable.
4. Declares the Plaintiff is solely a Citizen of the United Kingdom since September 25, 2025.”

The Court further Consolidate this case with US District Court District of Columbia Hedling v Salih et al US District Court District of Columbia Case No 1:26-cv-0407-UNA. In granting the March 26, 2026 Motion to Expedite and for a Declaratory Judgment.

“Wherefore the Plaintiff Prays the Court

1. Declares the UN High Commissioner for Refugees must perform their duties in good faith and in line with International Law.”

## I. Background

The Plaintiff Per EX 1 a February 23, 2024 a Immediate EX Parte Temporary Injunction without hearing or notice was a whistleblower and human rights defender who On February 27th 2023 informed Astread Ferron-Poole chief of staff for the Connecticut Department of Social Services (DSS) they were not using all allowable proof of allegations for the Domestic Violence Cash Benefit Program (DVCBP) P.A. 21-78 Section 14 (e). The language of Subsection B Conn Gen § 17b-112a is "plain" and "unambiguous"not subject to statutory construction by DSS under Conn Gen § 1-2z. That is essentially the only issue of law and the issue could have been solved with a single email. As detailed extensively in the dozens of cases in which this Court failed to act has faced enforced disappearance, solitary confinement, incommunicado detention, sexual humiliation, refoulement, denial of access to medical support, denial of access to legal systems, denial of access to rehabilitation in all areas of public life (financial services, education, social support etc). In direct violation as detailed in EX 2 General Comment 3 of the UN Committee Against Torture guidance on Article 14 of the UN Convention Against Torture.

Article 14
1. Each State Party shall ensure in its legal system that the victim of an act of torture obtains redress and has an enforceable right to fair and adequate compensation, including the means for as full rehabilitation as possible. In the event of the death of the victim as a result of an act of torture, [their] dependants shall be entitled to compensation."

-Article 14 UN Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

## II. The Ongoing Collapse of Remedies

As detailed in EX 3-7 an August 20, 2026 a response made under duress to the Registrar of the Supreme Court rejection of EX 8 & 9 (further exhibits committed for brevity) across dozens of jurisdictions Courts have failed to honor even the basic non-derogable nature of Jus Cogen norms including the right not to be tortured and refouled. At this point the relief requested in these 2 cases the Plaintiff seeks an immediate remedy to are crucial to safeguarding their life, liberty, and what minimal pursuit of happiness can be afforded after systems abandon dignity to exert power instead of integrity.

## III. The Motion to Clarify in Hedling v Johnson proves the Conclusive presumption relief is necessary

The Presiding Judge failures to answer the merits of questions posed reinforce the dire circumstances of this case and need for immediate reversal.

[redacted]

US District Court District of Columbia

Case No 1:26-cv-0057-UNA

Motion To Clarify Order to Show Cause

Hedling

V.

Johnson

The Plaintiff respectfully requests the Court Clarify the following regarding the Order to Show Cause at ECF 14.

1. Absent the following relief in US District Court District of Columbia Case No 1:25-cv-04062-UNA Hedling v Meek et al as noted in EX 1 the March 10, 2026 Motion to Clarify at ECF 25. Along with EX 2 a Notice on Victims of Torture being Fee Exempt at ECF 30. As the assertion is the Plaintiff exempt from fees as a matter of International Customary Law and this is a point of ongoing litigation how does the Court request the Plaintiff "Show Cause" or risk being barred from the Court.

Inju"nctive Relief:
1. As long as the Government of the United States refuses to meet their obligations to provide fair and adequate compensation to the Plaintiff as required by Article 14 of the UN Convention against Torture. Direct Clerks of US Courts to accept the Plaintiff's filings via email at no cost.
2. End the Practice of deadnaming and misgendering of Trans and Non-binary individuals in all government services.
3. Any Relief this Court Deems Just and Proper.
Declaratory Relief:
1. Declares the enforceable right to Redress in Article 14 of the UN Convention against Torture is a self executing provision absent Congress meeting requirements to provide a Framework in the US Legal system as required by the plain text of the Treaty.
2. Declares victims of torture have a constitutional right to counsel when seeking redress.
3. Declares victims of torture are exempt from court costs. Under Article 13 of the UN Convention against Torture as charging them is a form of ill-treatment and delays prompt review.
4. Declares victims of torture have wide latitude in presenting evidence to Courts and procedural law can be waived when it delays prompt review of evidence.
5. Declares Foreign Ambassadors are not Immune to legal claims in US Courts arising from violations of international criminal law.
6. Determines if the US Supreme Court Jurisdictional deadline of 90 days in cases arising from claims under Article 14 of the UN Convention against Torture is enforceable."

[redacted]

2. Can the Court please Clarify per a May EX 3 a Motion for a Declaratory Judgment in US District Court District of Columbia Case No 1:26-cv-0316-UNA without the outstanding Declaratory Relief requested how any order to "Show Cause" will be construed.

"Wherefore the Plaintiff Prays the Court
1. Declares in line with the Istanbul Protocol: Manual on the Effective Investigation and Documentation of Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (2022 edition) "piecemeal" litigation must be accepted by US Courts.

2. Declares in cases that make allegations of torture 28 U.S.C. 1915 reviews must be conducted as soon as feasibly possible and Courts must sua sponte grant relief to Safeguard litigants even when specific relief was not requested."

3. Per EX 4-8 the newly filed Case Hedling v Berman Jackson et al. requesting the following if the Court were to find the Plaintiff failed to "Show Cause" could the Court Clarify this blacklisting order would be enforceable.

"WHEREFORE, Plaintiff, BOREALIS S HEDLING demands judgment against Defendants, AMY BERMAN JACKSON, CLAUDIA BAIO, ADMINISTRATIVE OFFICE OF THE US COURT, ROBERT J CONRAD JR for the Declaratory Relief 1. Declares Clerks must follow Article 13 and 14 of the UN Convention Against Torture even when Article 3 Judges issue unlawful orders to suppress filings or gag victims of torture seeking redress in violation of 18 U.S.C. § 241,. As well as pay interest, costs, punitive damages, attorney's fees, and such other relief as this Court may deem just and proper. The People via a Jury are the only competent authority to judge this case."

4. Can the Court Clarify if this Order to Show Cause was issued based on an assertion the Plaintiff is not poor due to extreme acts of Transnational Repression. Or the Court is concerned the Plaintiff's Litigation is frivolous, vexatious, or malicious.

Signed on the 10th of June 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2

(Ireland)

Respectfully submitted,
/s/Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Dauntless.peace@proton.me
+1-959-999-8957

## Conclusion

The Plaintiff respectfully requests the presiding Judge recuse himself for violations of Article 16 of the ICCPR Denial of Legal Personhood, Article 12-14 of the UN Convention Against Torture, and US Constitution Amendments 1, 4, 5, and 8. In addition the violations of 18 U.S.C. § 241. In addition to violations of the 2008 ADA Amended and Section 504 of the 1973 Rehabilitation Act. For Issuing on July 22, 2026 dozens of demands for payment of filing fees to a destitute victim of torture with threats of dismissal for failure to prosecution if not received within 30 days.

The Plaintiff requests the Court reconsider the Denial of the Motion to proceed in Forma Pauperis in this case and grant the following decleratory relief requested May 24, 2026

“Wherefore the Plaintiff Prays the Court.

1. Declares all US Citizens must equally benefit without discrimination from protections afforded under the 1868 Hostage Act, 22 U.S.C. § 1732 and Robert Levinson Hostage Recovery and Hostage-Taking Accountability Act
2. Declares Acts of Foreign Nations causing severe Deprivation of Liberty amounting to functional detainment are covered under the 1868 Hostage Act, 22 U.S.C. § 1732 and Robert Levinson Hostage Recovery and Hostage-Taking Accountability Act
3. Declares there is a conclusive presumption any Judgements rendered against the Plaintiff by US Federal Courts are unlawful and unenforceable.
4. Declares the Plaintiff is solely a Citizen of the United Kingdom since September 25, 2025.”

The Court further Consolidate this case with US District Court District of Columbia Hedling v Salih et al US District Court District of Columbia Case No 1:26-cv-0407-UNA. In granting the March 26, 2026 Motion to Expedite and for a Declaratory Judgment.

“Wherefore the Plaintiff Prays the Court
1. Declares the UN High Commissioner for Refugees must perform their duties in good faith and in line with International Law.”

Signed on the 21st of August 2026 at Travelodge Plus 44 Townsend ST Rm 120 Dublin 2 (Ireland)
Respectfully submitted,
/s/Borealis S Hedling
Plaintiff
They / Them
Travelodge Plus
44 Townsend ST Rm 120
Dublin 2 (Ireland)
Dauntless.peace@proton.me
+1-959-999-8957

