RECEIVED
MAILROOM
OCT - 5 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CABLE NEWS NETWORK, INC.,
MS NOW CABLE, LLC,
POLITICO LLC,
AKAYLA GARDNER,
CHEYENNE HASLETT,
BETSY KLEIN,
Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
STEVEN CHEUNG, in his official capacity as Assistant to the President for Communications,
SEAN M. CURRAN, in his official capacity as Director of the Secret Service,
SUSAN WILES, in her official capacity as White House Chief of Staff,
Defendants.
Civil Action No. 26-3287 (TJK)

# PROPOSED AMICUS CURIAE BRIEF OF LUIS THOMAS JACOB LEAL SR.

## INTRODUCTION

This proposed amicus submission is offered from the perspective of an independent publisher and member of the public concerned with the ability of news organizations, independent publishers, and members of the public to gather, preserve, and communicate information concerning matters of public importance.

The central concern is not whether a particular news organization, government official, or individual is correct on every disputed fact. The concern is whether rules governing access to public institutions and the gathering of information are established clearly, applied consistently, administered through recognizable procedures, and capable of independent review.

Government access decisions that affect the ability to gather news can have consequences beyond the individual organization or reporter immediately involved. They may affect the availability of information to the public, the ability of independent publishers to report events, and the ability of the public to evaluate competing accounts.

For that reason, proposed amicus respectfully asks the Court to consider the importance of a documented and reviewable process.

## I. PUBLIC ACCESS AND THE COLLECTION OF INFORMATION

The gathering and dissemination of information concerning government activity serve a public function extending beyond any one publisher.

An independent publisher may have limited financial and technical resources compared with major national organizations, yet may still document local events, governmental actions, public

communications, and matters affecting its community.

When access rules are unclear, unpublished, inconsistently applied, or changed after the fact, an independent publisher may have difficulty determining what conduct is permitted and what conduct may result in loss of access.

A system that depends upon standards that can be understood in advance provides greater opportunity for compliance, correction of errors, and meaningful review.

## II. CLEAR STANDARDS AND PROCEDURAL FAIRNESS

Where government action may interfere with access used for news gathering, clear standards are important.

A person or organization should ordinarily be able to determine: (1) What conduct is prohibited; (2) What standards apply; (3) What procedure is used to determine whether a violation occurred; (4) What consequences may follow; (5) Whether the affected person or organization has an opportunity to respond; and (6) What mechanism exists for review or correction.

The proposed amicus does not ask the Court to determine facts outside the record.

Rather, the proposed amicus asks that the Court consider whether the governing process provides sufficient notice and an understandable mechanism for review.

## III. PRESERVATION OF THE RECORD

Public disputes involving government access frequently produce multiple forms of evidence, including written notices, correspondence, recordings, broadcasts, electronic communications, credential records, and contemporaneous publications.

Preservation of such material is important because later review may depend upon records that were not considered at the time an initial decision was made.

Accordingly, proposed amicus respectfully requests that potentially relevant records be preserved in their original form and that the Court distinguish between: (a) records established by competent evidence; (b) statements made by a party or government agency; (c) allegations disputed by another party; and (d) matters requiring independent verification.

This distinction is particularly important where public statements about the reasons for an action change over time or where different explanations are presented to different audiences.

## IV. INDEPENDENT PUBLISHERS AND COMMUNITY NEWS

The public information system is not limited to national television networks and major newspapers.

Independent publishers, nonprofit organizations, community publications, local reporters, and individual journalists also contribute to the public record.

Their resources may be different, but the underlying public-interest principle remains the same: information concerning government activity should not depend exclusively upon the resources of the largest media organizations.

The proposed amicus therefore submits that standards concerning government access should be capable of application across different sizes and forms of news organizations.

## V. DOCUMENTATION OVER SPECULATION

Proposed amicus expressly recognizes the need to separate documented evidence from conclusions that have not been independently established.

Where an action is alleged to have occurred for a particular reason, the appropriate inquiry is the evidence supporting that reason.

Where records conflict, the conflict should be identified rather than concealed.

Where an explanation is unsupported by available documentation, the absence of supporting documentation may itself be relevant to the Court's assessment, without requiring the Court to adopt an alternative explanation as fact.

This approach protects both the government and the press by creating a record that can be examined rather than a dispute based solely upon competing assertions.

## VI. PUBLIC INTEREST IN ORDERLY REVIEW

The public has an interest in knowing that government access decisions are made through identifiable procedures rather than through standards that cannot be understood or reviewed.

The public also has an interest in protecting legitimate governmental interests, including security and orderly administration.

Those interests are not necessarily incompatible.

A documented procedure can provide government officials with a means to act when legitimate concerns arise while also providing affected parties with notice, an opportunity to respond when required, and a record suitable for later review.

## VII. REQUESTED RELIEF

Proposed amicus respectfully requests that the Court:

1. Grant leave for this proposed amicus submission to be considered;

2. Accept the accompanying materials for filing to the extent the Court determines they are properly before the Court;

3. Consider the importance of clear, reviewable standards governing access used for news gathering and public information;

4. Preserve the distinction between verified evidence, party allegations, government assertions, and matters requiring independent verification;

5. Encourage preservation of potentially relevant documentary, electronic, broadcast, and communication records to the extent appropriate;

6. Consider whether procedures affecting government access provide adequate notice and a meaningful opportunity for review where required by law;

7. Consider the interests of independent and community publishers as well as larger national news organizations in the administration of access standards;

8. Consider any relevant documentary evidence concerning the stated reasons for challenged actions, rather than relying solely upon generalized descriptions or later explanations;

9. Permit separately identified exhibits to remain associated with this submission through appropriate Notices of Filing; and

10. Grant such other relief concerning the proposed amicus submission as the Court determines appropriate.

**CONCLUSION**

The proposed amicus does not ask the Court to decide matters that are not properly before it.

The request is narrower: that the Court consider the importance of documented standards, procedural fairness, preservation of records, and independent review when government decisions affect access to information and the public's ability to receive news concerning government activity.

Respectfully submitted,

[signature]

Luis Thomas Jacob Leal Sr.

Proposed Amicus Curiae

LTJLSR Trust

3332 Stanhope Dr.

Toledo, Ohio 43606

Telephone: 419.932 0767

Email: echalon@webtv.net

RECEIVED
MAILROOM
OCT - 5 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CABLE NEWS NETWORK, INC.,
MS NOW CABLE, LLC,
POLITICO LLC,
AKAYLA GARDNER,
CHEYENNE HASLETT,
BETSY KLEIN,
Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
STEVEN CHEUNG, in his official capacity as Assistant to the President for Communications,
SEAN M. CURRAN, in his official capacity as Director of the Secret Service,
SUSAN WILES, in her official capacity as White House Chief of Staff,
Defendants.

Civil Action No. 26-3287 (TJK)

## CERTIFICATE OF SERVICE

I certify that on SEPT 27, 2026, I served a true and correct copy of the foregoing filing and accompanying documents upon the following parties or counsel by the method indicated below:

Name / Counsel: LUIS T LEAL PROSE SI ASSISTED

Address or Email: 3332 STANHOPE DR TOLEDO OH 43606

Method of Service: CERTIFIED U.S. MAIL

Additional recipients, if any: ______

I declare under penalty of perjury that the foregoing is true and correct.

[signature]

Luis Thomas Jacob Leal Sr.

Date: 9-27-2026

3332 Stanhope Dr.

Toledo, Ohio 43606

Email: echalon@webtv.net

Email: echalon@webtv.net